**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MELISSA STRAWBRIDGE,

                            Petitioner,

        v.                                      No. 04-CV-268
                                            (LEK/DRH)

ELAINE LORD, Superintendent.

                            Respondent.
_____

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### ORDER

      Presently pending is the motion for reconsideration of petitioner Melissa Strawbridge ("Strawbridge") (Docket No. 32) of an order limiting the length of her reply memorandum of law to ten pages (Docket Nos. 24, 29) and striking her oversized reply memorandum (Docket No. 31).

      As background, it appears from the record that Strawbridge is presently incarcerated serving a New York State sentence of life imprisonment for murder.  Having exhausted her appeals in the state courts, Strawbridge now seeks in this action a writ of habeas corpus on various grounds pursuant to 28 U.S.C. § 2254.  Docket No. 1.  After five requests for extensions of the filing deadline were granted, Strawbridge filed a supporting memorandum of law of 129 pages.  Docket No. 16.  After a similar number of extensions, respondent filed a 73-page response.  Docket No. 23.  Strawbridge was then granted leave to file a reply memorandum of law not to exceed ten pages with an extended filing deadline of December 9, 2005.  Docket Nos. 24, 26.

On December 7, 2005, Strawbridge filed a request for the Court to permit her to file a reply memorandum without any page limitation.  Docket No. 27.  On December 9, 2005, Strawbridge filed a reply memorandum of twenty-three pages.  Docket No. 28.  On December 12, 2005, Strawbridge's request for leave to file the oversized reply memorandum was denied and the filed reply memorandum was then ordered stricken.  Docket Nos. 29, 31.  This motion followed.

Strawbridge seeks reconsideration of the orders limiting her reply memorandum to ten pages and striking her reply memorandum on the grounds that the orders may have been entered without consideration of the merits of the reply memorandum, page limitations generally deny a party due process and did so in the circumstances of this case, her counsel made every effort to limit the length of the reply memorandum, and, in the alternative, she should be granted leave and time to re-file a reply memorandum within the page limitation.  Docket No. 32.

As to Strawbridge's first ground, the Court was in fact unaware that her reply memorandum had been filed when it denied her request to lift the page limitation.  The content of the memorandum, however, was immaterial to the decision as to review and to consider the merits of its contents would grant indirectly the relief Strawbridge sought – a Court review of her reply memorandum.  Accordingly, this contention affords no basis for reconsideration.

As to due process, Strawbridge's contention is frivolous.  Strawbridge was granted leave to file a 129-page supporting memorandum[1] only after a conference with the Court,

---

[1]"None ever wished it longer than it is."  Samuel Johnson, Life of Milton (offering a critical view of Paradise Lost) <http://www.samueljohnson.com/ouch.html>.

2

well in excess of the normal 25-page limitation.  <u>See</u> N.D.N.Y. Gen. Order 31.  That

constituted the longest memorandum of law in any case ever filed in ten years before the

undersigned.  With a 10-page reply memorandum, Strawbridge was afforded 139 pages to

state her arguments.  It is difficult to comprehend how one could seriously contend that this

unfairly restricted a litigant's ability to present his or her case.  Moreover, to the extent that

Strawbridge challenges a court's authority to impose <u>any</u> page limitation, <u>see</u> Mahoney

Affirm. (Docket No. 32) at ¶ 15, this contention has been rejected.  <u>See</u>, <u>e.g.</u>, Sup. Ct. R.

33(g) (limiting Supreme Court briefs to 30-50 pages); Fed. R. App. P. 32(a)(7)(A) (limiting

opening briefs in federal courts of appeals to thirty pages); N.D.N.Y. General Order 31

(limiting memoranda of law in habeas corpus cases to twenty-five pages).  While the

zealousness of the advocacy of Strawbridge's counsel here is commendable, his

abandonment of any semblance of self-restraint presents yet another example of the need

for page limitations, for her counsel is not the first to confuse length with persuasiveness or

assistance to a court.

Strawbridge was granted leave to file an oversized opening memorandum of law

after a conference with the Court because she asserted a plausible claim that she was not

fairly on notice of the 25-page limit in General Order 31.  No such claim can be made for

the reply memorandum, however, where the order granting Strawbridge leave to file a reply

memorandum specifically limited such reply to ten pages well in advance of the deadline for

its filing.  Docket No. 24.

WHEREFORE, it is hereby

**ORDERED** that Strawbridge's motion for reconsideration of this Court's order

denying her request to file a reply memorandum exceeding ten pages and striking her

oversized reply memorandum (Docket No. 32) is **DENIED**; and

**IT IS FURTHER ORDERED** that the deadline for Strawbridge to file and serve a

reply memorandum not exceeding ten pages is extended to **December 23, 2005**.

**IT IS SO ORDERED.**

David R. Homer

DATED:  December 15, 2005                    United States Magistrate Judge
             Albany, New York

4