UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MELISSA STRAWBRIDGE,
                     Petitioner,

                                                                      9:04-CV-0268
                                                                     (GTS/DRH)
v.

ELAINE LORD, Superintendent,
                     Respondent.
_____

APPEARANCES:                                              OF COUNSEL:

HARRINGTON & MAHONEY                 MARK J. MAHONEY, ESQ.
  Counsel for Petitioner
70 Niagara Street, 3rd Floor
Buffalo, New York 14202

HON. ERIC T. SCHNEIDERMAN           ALLISON J. GILL, ESQ.
  Counsel for Respondent                          Assistant Attorney General
Attorney General of the State of New York
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       Currently before the Court, in this *habeas corpus* proceeding filed by Melissa Strawbridge ("Petitioner") against Bedford Hills Correctional Facility Superintendent Elaine Lord ("Respondent") pursuant to 28 U.S.C. § 2254, are (1) United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Petitioner's Amended Petition be denied and dismissed, and (2) Petitioner's Objections to the Report-Recommendation. (Dkt. Nos. 69, 73.)  For the reasons set forth below, Magistrate Judge Homer's Report-Recommendation is accepted and adopted in its entirety, and Petitioner's Amended Petition is denied and dismissed in its entirety.

I.     **RELEVANT BACKGROUND**

For the sake of brevity, the Court will not repeat the factual background of Petitioner's conviction for murder in the second degree but will simply refer the parties to the relevant portions of Magistrate Judge Homer's Report-Recommendation, which accurately recite that factual background. (Dkt. No. 69, at Part I.)

   A.     **Petitioner's Asserted Grounds for Relief**

In her Amended Petition filed on March 21, 2011, Petitioner asserts the following three grounds for relief: (1) the evidence was not sufficient to establish elements of New York Penal Law ("NY PL") § 125.25(4); (2) NY PL § 125.25 is unconstitutional as applied to Petitioner; and (3) New York's clarification of the elements of depraved indifference murder requires vacatur of the conviction. (Dkt. No. 59, at ¶¶ 197-261 [Petitioner's Am. Petition].)

Generally, in her memorandum of law in support of her Amended Petition, Petitioner asserts the following five arguments: (1) because the ruling in *People v. Suarez* clarified the standards for depraved indifference murder convictions, Petitioner's federal right of due process requires that her conviction be vacated; (2) the medical evidence presented at trial was insufficient to support her conviction; (3) the same mental health issues that the Appellate Division found to be mitigating factors when considering Petitioner's sentence should be considered by the Court to find that there was insufficient evidence to support the "depraved indifference to human life" element necessary for a murder conviction under NY PL § 125.25; (4) the "recklessness-plus-risk" standard under NY PL § 125.25 was unconstitutionally vague as applied to Petitioner; and (5) various statements that Petitioner made to law enforcement officers should have been suppressed at trial. (Dkt. No. 59, Attach. 2, at Points I-V [Petitioner's Memo. of Law].)

   **B.**  **Magistrate Judge Homer's Report-Recommendation**

On November 23, 2011, Magistrate Judge Homer issued his Report-Recommendation. (Dkt. No. 69.)  In his Report-Recommendation, Magistrate Judge Homer recommended dismissal of Petitioner's Amended Petition because, after reviewing the evidence presented at trial, a rational trier of fact could have found proof of guilt beyond a reasonable doubt.  (*Id*. at Part IV.)

For example, as to Petitioner's first argument (i.e., that the ruling in *People v. Suarez* requires the overturning of her conviction under the depraved-indifference-murder statute), Magistrate Judge Homer found that there is no federal *habeas corpus* relief for determining the correctness or incorrectness of the Appellate Division's interpretation of New York law.  (*Id*. at Part IV.A.)  Magistrate Judge Homer further found that, because the decision in *Suarez* was issued two years after Petitioner's conviction became final, and because the Appellate Division has not retroactively applied *Suarez*, this Court must give the Appellate Division's decision due deference.  (*Id*.)

As to Petitioner's second argument (i.e., that medical evidence presented at trial was insufficient to support her conviction of murder in the second degree), Magistrate Judge Homer found that the medical evidence presented at trial, as well as Petitioner's statements admitted at trial, clearly establish that Petitioner's baby was born alive and that Petitioner's subsequent actions "supply the chain of events" contributing to the baby's death from asphyxia.  (*Id*. at Part IV.C.)  Magistrate Judge Homer further found that, viewing the evidence in the light most favorable to the prosecution (pursuant to the applicable federal *habeas corpus* standard of review), there is sufficient evidence for a rational fact finder to find the essential elements of depraved indifference murder.  Moreover, Magistrate Judge Homer found that the Appellate

Division properly applied this standard by finding that a rational fact finder could have objectively viewed Petitioner's "extreme recklessness" as "manifest[ing] a depraved indifference to human life." (*Id*.)

As to Petitioner's third argument (i.e., that the same mental health issues that the Appellate Division found to be mitigating factors when considering Petitioner's sentence should be considered by the Court to find that there is insufficient evidence to support the "depraved indifference to human life" element necessary for a murder conviction under NY PL § 125.25), Magistrate Judge Homer found that the evidence presented at trial, in which Petitioner revealed both an awareness of her pregnancy, and had expressed both disdain for the baby and an intention to dispose of the baby, clearly indicates that Petitioner had the capacity to understand the circumstances of her situation. (*Id*. at Part IV.C.) He further found that Petitioner's assertion that she was incapable of acting with depraved indifference (because she did not have the capacity to understand the circumstances she was experiencing while pregnant/giving birth) is barred because such evidence was not presented at trial. (*Id*.)

As to Petitioner's fourth argument (i.e., that the "recklessness-plus-risk" standard under NY PL § 125.25 had not been properly clarified at the time of her conviction and was unconstitutionally vague as applied to her), Magistrate Judge Homer rejected that argument on multiple grounds. (*Id*. at Part IV.B.) More specifically, with regard to Petitioner's notice challenge, Magistrate Judge Homer found that "[g]iving birth and then leaving a new born child unattended in a toilet after seeing it move and then placing it into a garbage bag and sealing it would be criminal conduct of which an ordinary person would be on notice." (*Id*.) With regard to Petitioner's vague-as-applied challenge, Magistrate Judge Homer found that (1) "[t]he presence of . . . distinctions [between the tests for depraved indifference murder and the lesser

4

included offense of reckless manslaughter] precludes an argument that depraved indifference could have been conflated with the requirements of either intentional murder or reckless manslaughter," and (2) "vagueness challenges grounded upon due process do not give rise to constitutional violations when two statutes proscribe the same conduct and a defendant is charged under the one subjecting him to greater punishment." (*Id.*)

As to Petitioner's fifth argument (i.e., that statements she made to various law enforcement officers during the custodial interrogation should have been suppressed at trial on the basis of police coercion), Magistrate Judge Homer found not only that Petitioner had failed to exhaust these claims[1] but that the Appellate Division properly determined there was no evidence of coercion based on the record demonstrating that a significant break in time occurred between Petitioner's initial questioning at her place of employment and the subsequent questioning at the New York State Trooper barracks, and that Petitioner voluntarily accompanied police for additional questioning. (*Id.* at Part IV.D.)

Finally, Magistrate Judge Homer recommended that no certificate of appealability issue with respect to any of Petitioner's claims. (*Id.* at Part V.)

**C.   Petitioner's Objections**

On January 4, 2012, Petitioner filed her Objections to the Report-Recommendation. (Dkt. No. 73.)  Generally, in her Objections, Petitioner asserts the following five arguments: (1) Magistrate Judge Homer failed to address evidence, and the applicability, of Plaintiff's neonaticide syndrome in his Report-Recommendation;[2] (2) Magistrate Judge Homer's reliance

---

[1]   Petitioner failed to include this issue in her application to the Court of Appeals.

[2]   "Neonaticide" is defined as "the act of killing a baby in the first 24 hours of its life." *Collins English Dictionary* (10th ed. 2009); P. Resnick, "Murder of the Newborn: a Psychiatric Review of Neonaticide," 126 *Am. J. Psychiatry* 1414, 1414 (1970); *see also Black's*

on certain New York State cases regarding depraved indifference murder, including *Policano v. Herbert*, 7 N.Y.3d 588 (N.Y. 2006), is misplaced; (3) as to the "depraved mind murder" statute, Magistrate Judge Homer failed to address Petitioner's argument that, because the trial court failed to take into account the "circumstances" element, the state court was effectively relieved of its burden to establish every element under the statute; (4) Magistrate Judge Homer disregarded the Appellate Division's minimal fact-finding with respect to the "circumstances" element under NY PL § 125.25 and ignores evidence of Petitioner's neonaticide syndrome; and (5) Petitioner's statements during the initial and custodial interrogations should have been suppressed, because a sufficient break had not occurred between the two interrogations, and the subsequent custodial interrogation rested directly on information which had already been coerced.  (*Id*. at "Facts" Section and Part IV.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[3]  When performing such a *de novo* review, "[t]he judge may . . . receive further

---

*Law Dictionary*, at 847, 1138 (9th ed. 2004) (defining "neonaticide" as that type of "infanticide" in which a parent "kill[s] a newborn child").

    [3]    *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The

evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[5] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[4]  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[5]  *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

review.[6]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[7]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.  Standard Governing Review of Petitioner's Habeas Petition

Magistrate Judge Homer correctly recited the legal standard governing review of Petitioner's *habeas* petition.  (Dkt. No. 69, at Part II.)  As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

## III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's Report-Recommendation, the Court can find no error (clear or otherwise) in Magistrate

---

[6] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[7] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Judge Homer's Report-Recommendation.  Magistrate Judge Homer employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts.  (Dkt. No. 69, at Parts I-IV.)[8]  As a result, the Court accepts and adopts Magistrate Judge Homer's Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only three brief points regarding Petitioner's Objections.  First, because Petitioner's did not raise the argument that Petitioner suffered from neonaticide syndrome at during the guilt phase of the trial, Petitioner has failed to exhaust this argument in state court proceedings.[9]  In addition, Petitioner's suggestion that the Appellate Division acknowledged that Petitioner "fit the pattern for neonaticide" and recognized this as a mitigating circumstance[10] is unsupported by the Appellate Division's decision, which does not discuss how, or whether, Petitioner's mental health related to the sufficiency of the evidence presented at trial.  *See generally People v. Strawbridge*, 299 A.D.2d 584 (N.Y. App. Div. 3d Dep't 2002).  Finally, despite Petitioner's extensive briefing on neonaticide syndrome and its alleged applicability to Petitioner, evidence of the syndrome is not admissible in New York State courts.  *See People v. Wernick*, 89 N.Y.2d 111, 115 (N.Y. 1996) (finding that neonaticide syndrome is "not generally recognized in the relevant medical context and community").  As a result, it would be improper for the Court to evaluate whether that "circumstance" supports or detracts from Petitioner's "sufficiency of the evidence" argument.

---

[8]     The Court notes that Magistrate Judge Homer's thorough and correct Report-Recommendation would survive even a *de novo* review.

[9]     The Court notes that any argument related to Petitioner's mental health was first raised in her sentencing memoranda.

[10]    (Dkt. No.16 at 26, 65; Dkt. No. 34 at 8.)

Second, Petitioner's definition of "denial" as a "psychological *inability* to accept and deal with a reality that is evident and has been made known to the subject" (Dkt. No. 73, at 10) is too broad, excluding a definition that substitutes the word "refusal" with the word "inability." *See, e.g., Webster's New College Dictionary* at 308 (3d ed. 2008) (defining "denial" as "[a] refusal to acknowledge the truth of a statement or allegation"). Such a distinction is material where, as here, the petitioner's argument hinges on a lack of awareness and/or consciousness.

Third, Petitioner's attempt to highlight a purported "conflict" between two pieces of evidence regarding whether the fetus moved after birth, and to highlight certain trial testimony regarding the possibility of a cause of death other than asphyxia, is in vain, given the legal standard governing the Court's review of her conviction, pursuant to which the Court must determine whether the record evidence could *reasonably* support a finding of guilt beyond a reasonable doubt.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 69) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Amended Petition (Dkt. No. 61 ) in this matter is **DENIED** and **DISMISSED** in its entirety; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition as Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: March 27, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge